PER CURIAM.
A complaint was filed by The Florida Bar against Gene H. Auvil, respondent, an attorney at law, charging the respondent, a member of The Florida Bar, with violation of Canon 11 of the Canons of Professional Ethics and of Rules 1 and 27 of the Additional Rules Governing the Conduct of Attorneys in Florida as adopted by the Supreme Court of Florida on January 27, 1941 and December 6, 19SS. Canon 11 referred to above is paragraph 11, Rule B, Section (I) Ethics Governing Attorneys, of Code of Ethics, 31 F.S.A. Rules 1 and 27 are paragraphs 1 and 27 of Additional Ethics Governing Attorneys, Rules Governing the Conduct of Attorneys in Florida, Section (II), Code of Ethics, 31 F.S.A.
The respondent filed an answer and waiver to the complaint admitting the al- *629 fegations thereof, then by leave of the Board of Governors was allowed to amend his answer denying the allegations of the complaint, and then later filed an amended answer in which respondent again admitted the allegations of the complaint.
In accordance with the Integration Rule of The Florida Bar, a referee conducted a hearing on the cause and filed his report with the Board of Governors of The Florida Bar. The referee’s finding was that the allegations of the complaint concerning respondent’s misconduct were true. His conclusion was that the respondent was guilty of unprofessional conduct in that he had “violated said Canon 11, and Rules 1 and 27, by taking advantage of confidence reposed in him by a client, used a client’s money for wrongful purposes, did not honestly and truly account for monies received from or on behalf of his client, and was guilty of deceit and wilful misconduct in his profession.” The referee recommended that the respondent be disbarred. Respondent took no action in opposition to the report of the referee. The Board of Governors reviewed the report of the referee and concluded that the conduct of which the respondent was found to be guilty constitutes unprofessional conduct under the provisions of Article XI, paragraph 2, of the Integration Rule of The Florida Bar, 31 F.S.A. The Board approved and adopted the findings and recommendations of the referee.
On December 30, 1959, the judgment and record of the Board of Governors was filed with the Clerk of this Court. A copy of the said judgment was sent to respondent by the Clerk of this Court by registered mail on January 4, 1960.
More than 30 days having now elapsed since the filing with the Clerk of this Court of the judgment of the Board of Governors of The Florida Bar, together with the transcript of the evidence and the other proceedings in the cause, and no petition for review of said judgment either to deny or to modify the same having been filed, and this Court having duly considered the record in said cause and said recommendations,
It is thereupon ordered that the judgment of the Board of Governors of The Florida Bar that the respondent, Gene H. Auvil, be disbarred from the practice of law be approved, and said respondent is hereby disbarred from the practice of law in this State, and that costs in the amount of $227.77 incurred by The Florida Bar in this proceeding be, and are hereby, assessed ¿gainst the respondent.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON, THORNAL and O’CONNELL, JJ., concur.